# In the United States Court of Federal Claims

No. 09-673C
(Filed: September 7, 2011)
(Released for Publication: September 9, 2011)[1]

```
*************************************
                                    *
RN EXPERTISE, INC.,                 *
                                    *      Motion for Reconsideration; Rule 59;
            Plaintiff,              *      Bid Protest; Interagency Agreements;
                                    *      Reasonableness of Cost Justification
        v.                          *
                                    *
THE UNITED STATES,                  *
                                    *
            Defendant.              *
                                    *
*************************************
```

*Jon W. van Horne*, Law Offices of Jon W. van Horne, Esq., Gaithersburg, MD, for Plaintiff.

*Paul Davis Oliver*, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, with whom were *Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Brian M. Simkin*, Assistant Director, for Defendant.

**DAMICH**, Judge.

## OPINION

On February 25, 2011, the Court granted the Government's motion for judgment on the administrative record and dismissed a bid protest filed by Plaintiff RN Expertise, Inc. On March 28, 2011, the Plaintiff timely[2] filed a Motion for Reconsideration under Rule 59 of the Rules of the United States Court of Federal Claims ("RCFC"), asserting that the Court's decision did not account for key facts and that reconsideration was necessary to prevent a manifest injustice.

---

[1] This opinion was originally issued under seal on September 7, 2011, pending a determination among the parties whether to propose redactions of proprietary or other confidential information. The parties have advised the Court that they have no redactions to propose.

[2] The Plaintiff filed the motion under the 2010 version of the RCFC, which provided 30 days to file a motion for reconsideration.

The Plaintiff has not demonstrated that the Court's decision contains a clear factual or legal error nor that the decision results in manifest injustice; its arguments are merely an attempt to relitigate the case. Therefore, the Plaintiff's Motion for Reconsideration is **DENIED**.

## I.     Background

The facts of this case are set out in the Court's February 25, 2011 decision. *RN Expertise, Inc. v. United States*, 97 Fed. Cl. 460 (2011). A summary of the relevant facts follows. Pursuant to federal law, the Navy conducts drug testing of its personnel. In 2008, the Navy was seeking a new contractor to provide urine collection services for its drug testing program and issued a Request for Proposals ("RFP" or "solicitation"). Plaintiff submitted an offer and was the presumptive awardee of a contract under the solicitation. Before the Navy finalized the award, it determined that it could obtain the services at a lower cost through an interagency agreement ("IAA") that the Department of Defense ("DOD") had with the Department of the Interior ("DOI"). The IAA was a contractual arrangement between DOI and the DOD, and it contained a list of drug testing services and agreed upon prices that would be available to the DOD. The DOI provided some services through its own employees, but much of the work was performed by a contractor, through DOI's contract with Pembrooke Occupational Health, Inc. (the DOI-Pembrooke contract). The Navy cancelled the solicitation and decided to obtain its collection services through the IAA.

The Plaintiff filed a bid protest alleging, in relevant part, that the Navy's decision to cancel the solicitation was arbitrary and capricious because the Navy's cost analysis was flawed. The Plaintiff contended that its offer should have been compared to the DOI-Pembrooke contract and not the IAA.[3] The Government disagreed, and asserted that the Navy's comparison and cancellation decision were reasonable and should be upheld under the relevant standard of review, which is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

The parties filed cross-motions for judgment on the administrative record. As the claim was a bid protest action, the Court reviewed the Navy's procurement decision to determine whether it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; or without observance of procedure required by law." *RN Expertise*, 97 Fed. Cl. at 466-67 (quoting 5 U.S.C. § 706(2)(A), (D)); *see* 28 U.S.C. § 1491(b)(4); *Impresa Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324, 1332 (Fed. Cir. 2001). The Court determined that the Navy's justification for comparing the IAA to the Plaintiff's offer was reasonable, that the Navy had a reasonable expectation of cost savings under the IAA, and that the Navy's decision to cancel the solicitation was not arbitrary or capricious. *RN Expertise*, 97 Fed. Cl. at 470-71.

The Plaintiff filed a motion for reconsideration, advancing two arguments that reconsideration of the Court's decision is necessary to prevent a manifest injustice. First, it argues that the Court erred by finding it was reasonable to compare the Plaintiff's offer to the

---

[3] The Plaintiff made other arguments as well, but those are not relevant to its motion for reconsideration.

IAA and rejecting the Plaintiff's argument that its offer should have been compared to the DOI-Pembrooke contract.  Second, it argues that even if the IAA was the relevant comparison point, the Navy's cost comparison was unreasonable because the Navy did not consider all the costs in the IAA.  The Plaintiff avers that letting the decision stand would result in a manifest injustice because the "Court's opinion did not adopt what Plaintiff believed was a reasonable interpretation of the IAA . . . ."  Pl.'s Mot. Reconsideration 3.

The Government contends that the motion for reconsideration must be denied because the Plaintiff has not satisfied the requirements of RCFC 59.  Def.'s Resp. 2-3.  The Government asserts that RCFC 59 does not allow a movant to reargue its case, and the Plaintiff already argued that the DOI-Pembrooke contract is the relevant price comparison.  The Government also claims that RCFC 59 does not permit movants to assert novel issues that could have been raised earlier in the litigation, and the Plaintiff previously could have raised the argument that the Navy did not account for all the costs under the IAA.  Therefore, because the Plaintiff raises issues that were or could have been raised before, its motion must be denied.

## II.    Legal Standard

Pursuant to RCFC 59(a)(1), a party may file a motion to reconsider a prior decision by the Court.  A motion for reconsideration allows a party to have a court alter its decision if the party can show that there was a "manifest error of law or mistake of fact."  *A.A.B. Joint Venture v. United States*, 77 Fed. Cl. 702, 704 (2007).  To establish that reconsideration is proper, a party must show "(1) an intervening change in controlling law has occurred; (2) previously unavailable evidence is now available; or (3) reconsideration is necessary to prevent manifest injustice."  *Id.*  "A motion for reconsideration is a request for extraordinary relief and is not to be used by a dissatisfied party to relitigate the case."  *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004); *accord Shell Petroleum, Inc. v. United States*, 47 Fed. Cl. 812, 814 (2000).  The decision to grant a motion for reconsideration is within the sound discretion of the trial court.  *Yuba Natural Res. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990).  The Court must exercise extreme care in deciding such a motion.  *A.A.B. Joint Venture*, 77 Fed. Cl. at 704.

## III.    Discussion

In this case, the Plaintiff does not contend that an intervening change in the law has occurred or that there is any new evidence available; rather Plaintiff argues that the Court should reconsider its decision to prevent manifest injustice.  Pl.'s Mot. Reconsideration 5.  Where a party seeks reconsideration on the ground of manifest injustice, it cannot prevail unless it demonstrates that any injustice is "apparent to the point of being almost indisputable." *Pac. Gas & Elec. Co. v. United States*, 74 Fed. Cl. 779, 785 (2006), *rev'd on other grounds*, 536 F.3d 1282 (Fed. Cir. 2008) (defining "manifest injustice" as a clearly apparent or obvious injustice); *see A.A.B. Joint Venture*, 77 Fed. Cl. at 704-05 (stating motion for reconsideration must be supported by a showing of "exceptional circumstances justifying relief").

A.      **The Plaintiff Already Argued that the IAA Is Not the Relevant Basis for the Cost Comparison.**

In its motion, the Plaintiff argues that the Court assessed the reasonableness of the Navy's decision under the erroneous premise that the IAA was the relevant agreement to compare to the Plaintiff's offer.  Pl.'s Mot. Reconsideration 2-3.  Specifically, the Plaintiff objects to the comparison of its offer for onsite collections to the price of onsite collections in the IAA because, in the DOI-Pembrooke contract, the price for onsite collections is more expensive than the IAA.  Because the Court misunderstood the facts, the Plaintiff requests reconsideration.

Under the Navy's solicitation, the Plaintiff was required to submit an offer for onsite collections.  Plaintiff's offer was $49.38 per collection.  Both the IAA and the DOI-Pembrooke contract provided for onsite collections, but at different prices.  *See* Administrative Record ("AR") 27, 390, 397, 581.  The price under the IAA was $44.30, while the price under the DOI-Pembrooke contract was $62.08.[4]  The Plaintiff asserts that the Navy acted unreasonably in comparing its offer to the prices in the IAA alone because the IAA merely was a "pass through" of the DOI-Pembrooke contract.  According to the Plaintiff, the IAA was a pass through because the IAA's services were priced at the DOI's price plus 15% and the IAA allowed the Navy to order services directly from and be billed by Pembrooke, thereby bypassing the DOI.

The Plaintiff claims that if the Navy ordered an onsite collection directly from Pembrooke, the Navy would pay the onsite price specified in the DOI-Pembrooke contract, which was higher than the Plaintiff's offer.  Therefore, had the Plaintiff's offer been compared to the DOI-Pembrooke contract, its offer would have been less expensive.  The Plaintiff argues that the Court incorrectly found that it was reasonable to compare the service in the IAA alone to the Plaintiff's offer, and therefore, the Court's conclusion that the Navy's decision was reasonable resulted in a manifest injustice.

A motion for reconsideration "'is not intended to give an unhappy litigant an additional chance to sway the court.'"  *A.A.B. Joint Venture*, 77 Fed. Cl. at 704 (quoting *Circle K Corp. v. United States*, 23 Cl. Ct. 659, 664-65 (1991)).  As the Government points out, the Plaintiff made substantially the same argument in its briefs on the cross-motions for judgment on the administrative record.  *See* Pl.'s Resp. & Reply Mot. J. 3-6 (asserting that "the details of the [DOI-]Pembrooke contract should have been considered in a reasonable cost comparison," and the proper price was not the IAA price, but the onsite price under the DOI-Pembrooke contract).  The Court addressed this argument in its original decision:

> The Plaintiff also contends that the cost analysis for on-site collections was flawed because the Navy should have compared the Plaintiff's offer to prices derived from the DOI-Pembrooke contract (rather than the IAA).  The Plaintiff attempts to calculate the prices for on-site collections based on the DOI-Pembrooke contract, which yields alleged prices for the Navy that are higher than the prices under the IAA. . . .

_____

[4] The price listed in the DOI-Pembrooke contract was $53.98.  AR 355.  The DOI charged the DOD a 15% administrative fee, which would raise the price to $62.08.

> The Plaintiff, however, completely disregards the IAA and the prices specified, and actually charged, under the agreement. According to the IAA, the price for urine collection services within the United States was $44.30 per collection, whether performed by DOI collectors or by Pembrooke.

*RN Expertise*, 97 Fed. Cl. at 470-71 (citations omitted).

For a movant to demonstrate that reconsideration is proper, it must establish not only that a court made "a manifest error of law or mistake of fact," but that the error resulted in a manifest injustice. *A.A.B. Joint Venture.*, 77 Fed. Cl. at 704-06. In its motion for reconsideration, the Plaintiff has not shown that the Court mistakenly compared the wrong prices, overlooked material evidence, or otherwise made a mistake of fact or law. The Plaintiff merely raises facts and arguments that the Court previously addressed and rejected in the original decision. A court should deny a motion for reconsideration if a party uses it "merely as an opportunity to re-litigate issues already decided by the court." *Shell Petroleum*, 47 Fed. Cl. at 814. Therefore, the Plaintiff has not established that reconsideration of the Court's decision would be proper.

**B.     The Plaintiff Previously Could Have Asserted that the Government Did Not Consider the IAA's Fixed Costs.**

The Plaintiff also contends that, even if the IAA is the relevant contract for comparison, the Navy's decision was unreasonable because the Navy failed to consider the "total costs" under the IAA. Pl.'s Mot. Reconsideration 3-4. The Navy considered only the marginal cost of each collection, and ignored various overhead charges such as an "Administrative Fee to Join the Contract." *Id.* The Plaintiff asserts that if all the overhead charges are accounted for, the marginal price per collection is not $44.30, as listed in the IAA, but $93.00. *Id.* Had its offer of $49.38 been compared to the correct marginal price, the Plaintiff argues, its offer would have been less expensive than the IAA.

The Government responds that, because the Plaintiff's argument is based on existing facts and could have been raised before, consideration of the argument for the first time in a motion for reconsideration would be improper. Def.'s Resp. 3-4. Even if the Court were to consider the Plaintiff's fixed cost argument, the Government asserts that the cost under the IAA still would have been less expensive than the Plaintiff's offer. *Id.* Therefore, reconsideration would not prevent a manifest injustice because the outcome would be the same.

The Court agrees with the Government. The Plaintiff's argument is based on facts contained in the record, and nothing prevented the Plaintiff from asserting the argument in its motion for judgment. The Plaintiff already discussed the impact of fixed costs in its briefing on the cross-motions for judgment. Pl.'s Mot. J. Admin. R. 14; Pl.'s Resp. & Reply Mot. J. 3-6. The Plaintiff argued that the solicitation required it to include a variety of fixed costs in its offer and that the IAA prices did not include the same costs. The Plaintiff easily could have added the argument that the Navy did not consider the fixed costs that were contained in the IAA or that the fixed costs would have taken away the savings. Therefore, because the Plaintiff could have raised this argument prior to the Court's original decision, the argument has been waived. *See*

*Caldwell*, 391 F.3d at 1235 (concluding that an issue first raised in a motion for reconsideration was waived because the issue could have been raised prior to original decision).

Even if the Court were to consider the Plaintiff's argument, it still would conclude that Navy's determination that the IAA was less expensive was reasonable, and therefore, the cancellation of the solicitation was not arbitrary or capricious. The Plaintiff alleges that the IAA price was actually $93 per collection and not $44.30 as listed in the IAA. The Plaintiff's calculation, however, appears to be based on two mistakes. First, the Plaintiff attributes all of the fixed costs of the IAA to the Navy, but the IAA, which was utilized by all of the DOD, allocates many of the costs to specific agencies. For example, the IAA contained $35,000 of travel expenses and $718,000 of program management support expenses allocated to the National Security Agency. AR 23-24, AR 574-75. These expenses would not be incurred by the Navy and should not be counted in the Navy's price. If the unallocated fixed costs that could be incurred by the Navy were added into the total costs, it would not alter the conclusion that the IAA was less expensive.

Second, the Plaintiff appears to claim that the proper way to calculate the price per collection is by allocating the fixed costs across the estimated number of collections. According to the Plaintiff, the IAA listed 23,725 as the estimated number of collections that would take place under the agreement. To reach a price of $93 per collection, the Plaintiff allocates all of the fixed costs across the estimated number of collections. Then, the Plaintiff appears to take the new IAA price and apply it to the quantity specified in the solicitation, which was 47,000 collections. The Plaintiff concludes that the cost of the IAA would have been more expensive than the Plaintiff's offer. The Court is not persuaded by the Plaintiff's analysis. By allocating the fixed costs across 23,725 collections and then using the per collection cost to calculate the total cost for 47,000 collections, the Plaintiff essentially counts the fixed costs twice. The IAA does not require payment of additional fixed costs if the DOD orders more collections than are estimated in the contract. *See* AR 20-30, AR 571-84. The Plaintiff's calculation of $93 per collection is erroneous, and the Plaintiff has not shown that the Navy's cost comparison was unreasonable.

In sum, the Plaintiff has not established that reconsideration of the Court's decision is necessary to prevent a manifest injustice. The Plaintiff has not asserted any new arguments or alleged any new facts, nor has Plaintiff identified any errors of fact or law in the Court's decision. Further, Plaintiff's arguments, if considered, are insufficient to persuade the Court that the Navy's decision to cancel the contract was arbitrary, capricious, or an abuse of discretion.

## IV.    Conclusion

Because the Plaintiff has not established that the Court's previous decision causes a manifest injustice, its Motion for Reconsideration is **DENIED**.

s/ Edward J. Damich
EDWARD J. DAMICH
Judge

6